### MADDERA v. SMITH.

A agreed by parol with B, who owned a Tavern, that he should pay him $600; B was to convey to him one half the premises, and they were to keep the house jointly, A paid $400, and they commenced business. B refusing to execute the conveyance, A refused to pay the residue, and withdrew. No settlement of the joint business had taken place. It was held, that A could recover at law the $400, as money had and received, and that the aid of chancery was not necessary as for unliquidated partnership accounts.

THIS was an action of assumpsit tried in Madison Circuit Court at November term 1828, before Judge Perry.

Smith in his declaration alleges that Maddera had represented that he held a bond for title to a lot in Huntsville, and proposed to the plaintiff Smith, that if he would advance one half of the money due for the property, he would convey to him a joint interest in the lot; that a contract was entered into verbally to that effect; that on this verbal contract he paid to Maddera $377, that Maddera refuses to recognize the validity of the contract, and that therefore he is entitled to a return of the purchase money. Money counts are also added. The defendant Maddera pleaded the general issue. The jury found for the plaintiff Smith $493 31 damages.

On the trial, the defendant took a bill of exceptions, which appears in the record, as follows:

"Be it remembered that on the trial of this cause, it appeared in evidence, that plaintiff and defendant had entered into partnership in keeping tavern pursuant to the following verbal agreement; plaintiff was to pay defendant $600 in cash, and defendant, in consideration thereof, was to give a deed for one half of the lot and tavern to said plaintiff, and they were to divide the profits of the tavern arising from their joint labors and joint expenses; defendant being before that time the sole owner of the tavern, lot, stables, &c. Soon after the parties had entered on the business of the firm, the plaintiff paid the defendant $400, part of the sum stipulated. Seven or eight months after, both parties grew dissatisfied; the defendant, because the plaintiff would not pay the residue of the $600, and the plaintiff, because defendant failed to make a deed to one half of said lot, &c. For that cause, the plaintiff of his own accord abandoned the tavern and partnership, and no settlement of accounts in relation to said firm appeared to have been yet made between the parties. It was further in proof, that some time before plaintiff abandoned the tavern, the defendant informed a witness, in the absence of the plaintiff, that he would not make title for half the lot and tavern, because the plaintiff refused to pay the remaining $200, and since he would not, that he the defendant was too smart for him in this, that the agreement was merely verbal, that the partnership was to continue seven years, but now it should end in one. From the above state of facts, the defendant by his attorney moved the Court to instruct the jury as in case of non-suit. 1st. Because it was a partnership transaction, and part of an unsettled and unliquidated account arising from the same. and therefore no action at law could be sustained. 2nd. Because plaintiff had not performed his part of the contract so as to entitle him to a deed as aforesaid. 3rd. Because he abandoned the partnership of his own wrong. 4th. That the special agreement proved is essentially different from the one laid in the declaration. 5th. Because the action was barred by the statute of frauds. But the Court refused such instructions, and charged the jury that they might well find for the plaintiff, if after the partnership had been conducted for a time, defendant said any thing which amounted to a refusal to comply with his part of the agreement; and that on such refusal, the plaintiff might abandon the firm and reco-

ver the amount paid &c. and the defendant by his attorney excepts to the refusal of the Court to instruct as in case of nonsuit, and also to the charge as above set forth, and here tenders this his bill of exceptions and prays it to be signed, sealed and made a part of the record, which is done &c.                                    [Seal.]

The defendant said he would not convey the lot, and refused to perform any part of his agreement, before the plaintiff quit the tavern; the defendant conveyed the property to another and totally abandoned the original agreement, and two years after the time of this conveyance to another, this suit was brought. The Court then charged the jury that if they believed the defendant had abandoned the contract, and did not intend to convey, or had conveyed the premises to another, then the plaintiff was entitled to recover."*

SION L. PERRY. [Seal.]

Maddera in this Court assigned for error, the matter shewn in the bill of exceptions.

HUTCHISON, for the plaintiff in error, contended that the plaintiff below should have been nonsuited; that no action at law could be maintained by a partner against his copartner except an action of account, or where there was a balance struck; he also insisted that the evidence was inapplicable to the declaration, and variant from the cause of action there laid.

THORNTON, for the defendant in error. I admit that if this was a controversy concerning partnership transactions, the action would not lie. But here there was no partnership; the whole transaction was, on the part of Maddera, a fraud, a mere device to extort money; there was a pretence of a partnership, but he never complied with any part of the contract on his part, he abandoned it and sold to others; shewing that he never intended to comply with the proposed agreement; the money was advanced for land, and the vendor refusing to complete the contract, the action to recover it back was proper.

HUTCHISON, in conclusion. There is no fraud in this

---

*Note. The clerk certified that the previous part of this bill was in the hand writing of the counsel, and not signed or sealed by the Judge; that the latter part was in the hand writing of the Judge, and signed and sealed by him; all being on the same half sheet of paper; saying he could not determine if the whole or part was to be considered as a bill of exceptions.

case, and no evidence of it.   The contract was a fair one, and Smith was not circumvented in making it; then a subsequent non-compliance cannot in any way make it fraudulent, or vary the remedy on the contract.

By JUDGE WHITE.   The errors assigned in this case are first, that the Court erred in refusing to instruct the jury that Smith ought to be non-suited on all and each of the grounds set forth in the bill of exceptions; and secondly, for giving the instructions lastly specified in said bill of exceptions; without entering into lengthy detail, it may be sufficient to notice, that the special agreement as set forth in the pleadings was variant, perhaps in some material respects, from that proven, as would appear from the bill first presented to the judge for his signature.   But the facts annexed before the bill of exceptions was made a part of the record, greatly qualify and control those previously stated, and must materially affect the legal aspect of the cause.   They shew that Maddera had not only failed and refused, but put it out of his power, by his own act, to comply with the agreement, which was by parol, to convey the land, and that too after Smith had paid two thirds of the money he was to give.   Smith then had a right, by all authority, to abandon the contract and sue and recover as if such agreement had never been made.   In legal contemplation it had no existence, and it was not even necessary to have noticed it, especially in the declaration.   This in effect is the amount of the charge given by the Court to the jury, and in this they did not err.   These principles also meet every other aspect of the case presented by the record and noticed in the argument, except perhaps so far as relates to the partnership, and it seems to me that they are nearly if not quite decisive even of that.   It is contended an action at law will not lie to recover an unsettled balance due from one partner to another; and that as the parties were in partnership, and the suit was in relation to their partnership accounts, which had not been liquidated, the Court ought to have charged as in case of a non-suit.   The principle is correctly stated, but we deny its application to the case before us; the plaintiff below did not seek to recover an unsettled balance on a partnership account, which, from the peculiar powers of chancery, would have made that the proper forum; that jurisdiction having control over the books accounts, and conscience of the defendant.   But he sued for the money which he had advanced upon an agree-

ment rescinded by the act and default of the person with
whom he contracted.   It was for a single item, easily sus·
ceptible of proof at common law, and needing none of the
extraordinary aid of chancery; there was then no error in
refusing the non-suit on this ground.

<div align="right">JULY 1830.