# Bishop v. Minderhout & Nichols.

### *Action on a Promissory Note.*

1. *Conditional sale of property; loss before payment relieves vendee from obligation to pay the purchase price.*—When personal property is sold and delivered to a vendee under an agreement that title thereto is to remain in the vendor until payment of the purchase price, the loss or destruction of the property while in possession of the vendee, before payment, without his fault, relieves him from the obligation to pay the purchase price thereof, and such loss falls upon the vendor.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by the appellees against the appellant, and counted upon a promissory note. The facts of the case are sufficiently stated in the opinion. The apeal is from a judgment in favor of the plaintiffs. The giving of the general affirmative charge in favor of the plaintiff, and the refusal to give the general affirmative charge in favor of the defendants are assigned as error.

BRICKEN & BRICKEN and RUSHTON & POWELL, for appellant.—The note sued on provided that the piano should remain the property of plaintiffs and subject to their direction until the note was paid in full. The transaction was clearly a conditional sale.—*Warren v. Liddell*, 110 Ala. 232; *Fairbanks v. Eureka Co.*, 67 Ala. 109; *Sumner v. Woods*, 67 Ala. 139.

While the piano was delivered to defendant under the contract of sale, it really amounted to nothing more

than a bailment.—*Fairbanks v. Eureka Co.*, 67 Ala. 109 ; *Sumner v. Woods*, 67 Ala. 139 ; Story on Bailments, § 37 ; 1 Am. & Eng. Ency. Law, p. 82.

Analogous to the points involved here are the cases of rent where there has been an entire destruction of the rented premises. In such cases the tenant is excused from further payment of rent.—*Cook & Co. v. Anderson*, 85 Ala. 103, and cases cited there.

By destruction of the property by fire the plaintiffs were excused from performance of the contract on their part. If they are excused defendant is also released. 2 Benj. on Sales, § 826 ; *Dexter v. Norton*, 47 N. Y. 62 ; *Stone & Gambrell v. Wait*, 88 Ala. 605.

J O. SENTELL and C. E. HAMILTON, *contra.*—The contract was an unconditional and absolute promise to pay a certain sum for the property, the possesion of which he received from the plaintiffs, the title remaining in the plaintiffs, Minderhout & Nichols, until the purchase price was paid. This was a conditional sale and not a contract of bailment, as contended by the defendant.—*Fairbanks v. Eureka Co.*, 67 Ala. 111 ; *Sumner v. Wood*, 67 Ala. 139 ; *Tanner v. Hall*, 89 Ala. 629.

This being a conditional sale, it is a well settled proposition of law where personal property is sold and delivered to the vendee under an agreement that the title is to remain in the vendor until payment, the loss or destruction of the property while in possession of the vendee before payment without his fault does not relieve him from the obligation to pay the price.—6 Am. & Eng. Ency. of Law (2d ed.), p. 455 ; 66 Miss. 48 ; 14 Am. State Reports, p. 450 ; *Tufts v. Wynne App.*, 45 Mo. 42 ; *Tufts v. Griffin*, 107 N. C. 47 ; 22 Am. State Reports, p. 863 ; *Homestein v. Cherry*, 23 Hun. (N. Y.) 141.

HARALSON, J.—The case presented is, that the plaintiffs below, Minderhout & Nichols, who are appellees, sold, on the 7th November, 1896, to the defendant, Bishop, the appellant, a piano, for which he paid

in cash one-fourth of the purchase price, and gave
plaintiffs his notes for the balance, in equal annual in-
stallments, falling due, respectively, on the 7th No-
vember, 1897, 1898, 1899. The one due Nov. 7th, 1897,
was paid, and the one sued on, matured on the 7th
Nov. 1898. These notes each stipulated that the piano
should remain the property of Minderhout & Nichols,
the plaintiffs, subject to their direction, until said notes
were paid in full. The piano was delivered at the time
of the sale into the possession of defendant. Before
the note sued on fell due,—on the 19th August, 1898,—
the defendant's house and the piano with it, were to-
tally destroyed by fire, without the fault or negligence
of defendant. There was no conflict in the evidence.
Each party requested the general charge. The court
gave the one asked by plaintiffs and refused the one
requested by defendant.

The case was greatly overburdened by unnecessary
pleadings. The issue was, on whom did the loss re-
sulting from the destruction of the property fall,—on
the plaintiffs or defendant,—and this was the only one
tried. It is unnecessary, therefore, to notice the vari-
ous rulings on the pleadings.

The question presented is one of conflict in the au-
thorities. In the 6th Amer. & Eng. Ency. Law (2d
ed.), 455, it is stated, that "When personal property is
sold and deliverel to the vendee under an agreement
that the title is to remain in the vendor until payment,
the loss or destruction of the property while in the pos-
session of the vendee before payment, without his fault,
does not relieve him from the obligation to pay the
price." Cases from Mississippi, Missouri, North Car-
olina and Georgia are cited to sustain the text. But in
this and some other States, this rule does not prevail.
"The common law fixes the risk where the title resides."
1 Benj. on Sales, § 319; *Jones v. Brewer,* 79 Ala. 547;
*Grant v. United States,* 7 Wall. 331. In *Stone v.
White,* 88 Ala. 605, this court said as to this principle,
"Generally, the law fixes the loss on the party in whom
the title resides [referring to the 79th Ala. and 7 Wall.
cases, *supra,* as authority]. When personal chattels

are sold, on condition that. the seller retains the title until paid for, and possession is delivered, the buyer may sell his interest, subject to the rights of the vendor. The title does not vest in the buyer, until performance of the condition, and until it does pass, the risk of loss remains in the seller.—1 Benj. on Sales, §§ 452, 427." See also *Ib.* §§ 364, 425-436 and authorities cited.

It is unnecessary to repeat what has heretofore been so fully stated in the decisions of this court, to sustain the correctness of the doctrine stated. A reference to others not already cited, will be sufficient.—*Sumner v. Woods*, 67 Ala. 139; *Fairbanks v. Eureka Co.; Ib.* 109; *Foley v. Felrath,* 98 Ala. 176; *Warren v. Liddell,* 110 Ala. 232.

The general charge should have been given for the defendant and not for the plaintiff, as was done.

Reversed and remanded.