# Clark *et al. v.* Johnson, Guardian.

### *Bill in Equity to foreclose Mortgage.*

1. *Usury; how pleaded.*—When the defense of usury is interposed by plea or answer, the terms and nature of the alleged usurious agreement must be stated with clearness and definiteness; and the averments in the answer to a bill to foreclose a mortgage that "said note and mortgage is usurious and void for the interest, and respondent here plead the same," is wholly insufficient to present the issue of usury.

2. *Same; bona fide purchaser.*—Where one claims under a mortgage as a *bona fide* purchaser for value and without notice, and there is usury in the debt, the fact of usury may be shown without a plea of usury.

3. *Same; effect of usury as to bona fide purchaser.*—An agreement to pay usury upon a debt secured by a mortgage, so infects and taints the transaction as to preclude the mortgagee from being a *bona fide* purchaser without notice.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. R. B. KELLY.

The bill in this case was filed by the appellee, Mrs. D. Jane Johnson, as guardian of her two daughters, Janie Burnett and Annie Mathis, who were Janie and Annie Johnson before they were married.

It was averred in the bill that on February 11, 1892, the complainant, as guardian of Janie and Annie Johnson, loaned one C. C. Clark the sum of $432 out of the funds belonging to her wards' estate; that to secure this loan, C. C. Clark and his wife, M. A. Clark, executed to complainant this loan, which was evidenced by

a note; executed to the complainant a mortgage upon certain specifically described lands; that this mortgage was duly recorded in the office of the judge of probate; that at the time of the execution of said mortgage C. C. Clark was in possession of the land conveyed therein, claiming to own it, and there was a deed on record showing that it had not been conveyed to any one else, or showing that any one else had any claim thereto; that at the time of making said loan and executing said loan and mortgage, said C. C. Clark represented to the complainant that he had a good and perfect title to said land, that it was unincumbered, and the loan was made and the mortgage accepted without any intimation that there was any claim or title to said land in any one else except said Clark; that since the execution of said mortgage and since the default in payment of the mortgage debt, the complainant had learned that one Orra Clark, the mother of C. C. Clark, claimed to be the owner of said land or a part thereof. It was then averred in the bill that the note had never been paid. C. C. Clark and his wife, M. A. Clark, and Orra Clark were made parties defendant to the bill; and the prayer of the bill was that said mortgage be foreclosed.

The defendant filed a joint answer, in which they denied that the complainant, as guardian of Janie and Annie Johnson, loaned to C. C. Clark the sum of $432. In their answer they denied that C. C. Clark was in possession of lands described in the mortgage at the time of its execution, and also denied that he made any representations whatever to the complainant as to his ownership of said lands. It was then averred in said answer that at the time of the execution of said note and mortgage the respondent Orra Clark was in the open, notorious and exclusive possession of a portion of the lands conveyed in said mortgage, and had been so in possession of said lands, residing upon them continuously for more than thirty years; that said Clark was never in possession of said portion of the lands and was without authority to mortgage or convey the lands described in the mortgage.

It was then averred that C. C. Clark borrowed from

28c

the complainant the sum of $265.50, and had never borrowed the amount expressed in the note.

The tenth paragraph of the answer was as follows: "10th. For further answer respondents charge and aver that said note and mortgage is usurious and void for the interest, and respondents here plead the same."

The evidence introduced by the complainant tended to prove the facts averred in her bill. J. W. Johnson, the son of the complainant, who negotiated the loan to C. C. Clark, testified that the complainant loaned $300 in cash and let said Clark have a mule valued at $100, and that interest on said $400 at 8 per cent. was included in the note.

The evidence for the defendants tended to show that C. C. Clark only borowed $265.50 from the complainant; that at the time of the execution of the note and mortgage neither Clark nor his wife read the note or mortgage, but thought it was for the amount which they had borrowed, and did not know that it was for $432; that the complainant charged $12\frac{1}{2}$ per cent interest on said loan; that at the time of the execution of said mortgage C. C. Clark had no title to the lands conveyed therein; that the lands described in said mortgage had been owned and occupied by Alex. Clark, the father of C. C. Clark, and the father of Orra Clark; that in December, 1887, Alex. Clark conveyed said lands to C. C. Clark, and that subsequently in May, 1888, said C. C. Clark and M. A. Clark, his wife, executed a deed to Alex. Clark, conveying back to him said lands; that in May, 1889, Alex. Clark died; that at the time of his death Orra Clark was living upon said land, where she had lived with her husband for many years and was still in possession of said land at the time of the execution of the mortgage.

The defendants claimed to have made several payments upon said mortgage debt, and introduced evidence showing these payments, and also introduced in evidence the receipts which were given to C. C. Clark by J. W. Johnson, who was acting as the agent of the complainants. The other facts of the case are sufficiently stated in the opinion.

On the final submission of the cause the chancellor held that the question of usury was not raised by the answer. The chancellor also held that the two items of credit claimed by the defendant Clark to have been paid to J. W. Johnson on the mortgage debt, to-wit, $25 and $23.15, were not paid upon the mortgage debt, but upon a different debt due by Clark to J. W. Johnson, individually.

Under the agreement of the parties a reference to the register was done away with, and the chancellor ascertained the amount due on the mortgage debt and decreed that the complainant was entitled to the relief prayed for and ordered the lands to be sold upon the payment of the amount so ascertained by him. From this decree the respondents appeal, and assign the rendition thereof as error.

THOS. L. BULGER and JAS. W. STROTHER, for appellant.—It is shown that the mortgage made to the complainant was usurious. A person claiming under a contract tainted with usury can not claim as an innocent purchaser.—*Smith v. Lehman*, 85 Ala. 394; *Meyer Bros. v. Cook*, 26 *Ib.* 417; *Wailes v. Couch*, 75 Ala. 134; *McCall v. Rogers*, 77 Ala. 349. And to make this defense available a special plea of usury is not necessary. *Wailes v. Couch*, 75 Ala. 134.

W. M. LACKEY, *contra.*

McCLELLAN, C. J.—We concur with the chancellor that the averment in the answer, "that said note and mortgage is usurious and void for the interest, and respondents here plead the same," is wholly insufficient to present the issue of usury *vel non* to the end of defeating recovery of all interest.—*Munter v. Linn*, 61 Ala. 492; *Security Loan Asso. v. Lake*, 69 Ala. 456; *Woodall v. Kelly & Co.*, 85 Ala. 368; *Moses Bros. et al. v. Home Building & Loan Asso.*, 100 Ala. 465.

But where one party alleges and relies upon the status of a *bona fide* purchaser for value and without notice under a mortgage securing a debt and there is usury in the debt, the facts may be shown against such status

without a plea of usury.—*Wailes & Co. v. Couch,* 75 Ala. 134. In this case it is clearly shown that the debt secured by the mortgage sought to be foreclosed was tainted with usury; and it follows that the complainant cannot claim as against the title of the heirs of Alex Clark, deceased, that she was a *bona fide* purchaser for value without notice.—*Southern Home Building & Loan Asso. v. Riddle,* 129 Ala. 562, and cases there cited.

The chancellor states in his opinion that there was no evidence that the deed from C. C. Clark and wife to Alex Clark was delivered. This is an inadvertence. Both C. C. Clark and Mrs. Orra Clark depose that this deed was delivered to the grantee at the time of its date, and there is no evidence to the contrary. The title to the land covered by this deed is either in Mrs. Orra Clark and any minor children of herself and Alex Clark there may have been at the time of the latter's death, under the homestead statute—in which case no interest in it passed under complainant's mortgage—or it was in the heirs of Alex Clark, one of whom was C. C. Clark, and only his individual interest passed by the mortgage to complainant.

There is also error in the decree appealed from, growing out of the disallowance of the items of twenty-five ($25) dollars and twenty-three and 15-100 ($23.15) dollars, shown by receipts "E" and "F" attached to the deposition of C. C. Clark, as credits on the mortgage debt. The evidence reasonably satisfies us that these payments were made by Clark and received by complainant's agent on the mortgage debt.

We do not consider the question whether this bill was well exhibited and prosecuted by Mrs. D. Jane Johnson as the guardian of her daughters. The point was not raised or suggested in any way in the chancery court, but, to the contrary, the respondents treated the bill throughout the proceedings in that court as being properly filed by her as such guardian, and they will not be allowed to make the objection to her competency for the first time in this court, no substantial rights of either side being dependent upon it.

The decree will be reversed, and the cause will be re-

manded to the chancery court for further proceedings in acordance with this opinion.

Reversed and remanded.