[Morris v. Bank of Attalla.]

# Morris *v.* Bank of Attalla.

### *Action of Trover.*

1. *Mortgage; effect of usury as to bona fide purchaser.*—A stipulation for usurious interest upon a debt secured by a mortgage, so infects and taints the transaction as to preclude the mortgagee from being a *bona fide* purchaser without notice as to outstanding equities in third parties; and as against such mortgagee, the holders of outstanding equities are entitled to the same measure of relief as they would have been against the mortgagor had not the mortgage been executed.

2. *Trover; admissibility in evidence of usury in mortgage debt.* In an action of trover brought by a mortgagee to recover damages for alleged conversion of the property conveyed in the mortgage, where the defendant sets up the defense that he had a lien upon the property in controversy by reason of a mortgage which was executed prior to the mortgage to the plaintiff, but which was not recorded, the fact as to whether the plaintiff's debt secured by the mortgage was tainted with usury, is a material inquiry, and testimony tending to show that there was usury in such debt, should be admitted when offered by defendant.

3. *Execution of written instrument by making mortgage; not invalid when attesting witness, agent or employee or mortgagee.*—Where in the execution of a mortgage, the mortgagor signs the same by making his mark, the fact that the attesting witness was an agent or employee of the mortgagee, does not render the mortgage invalid.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. J. A. BILBRO.

This was an action of trover brought by the appellee, the Bank of Attalla, against the appellant, E. A. Morris, to recover damages for the alleged conversion of certain cotton, a part of the crop on which the plaintiff held a mortgage executed to it by one S. T. Massey. Upon the plaintiff offering to introduce in evidence the note and mortgage which was the foundation of its claim, the defendant objected upon the ground that said note and mortgage were not properly attested. It appeared that

[Morris v. Bank of Attalla.]

the note and mortgage were signed by S. T. Massey, making his mark, and that said note and mortgage were attested by one J. H. Lester, who was the cashier of the plaintiff's bank and a stockholder in said bank. The court overruled this objection and the defendant duly excepted. This note and mortgage was dated Jan. 9th, 1902.

The defendant set up as a defense that he was entitled to the cotton alleged to have been converted by reason of a mortgage which was executed by the said S. T. Massey to a partnership of which the defendant was a member; that this mortgage was executed on Jan. 6th, 1896, and conveyed the crop to be grown by the said Massey during the year and every year thereafter until the mortgage debt was paid in full; and the defendant testified that said debt had never been paid. The defendant also testified that the said Massey had executed several notes and mortgages the succeeding years to secure an indebtedness to his firm, and that these notes and mortgages were given prior to the execution of the mortgage to the plaintiff. It was shown by the testimony that none of the mortgages given by Massey to the defendant, or to the defendant's firm, had been recorded. The plaintiff objected to the introduction in evidence of each of these mortgages upon the ground that no one of the mortgages had been recorded, and that the plaintiff had no notice of the existence of said mortgage at the time it took its mortgage from the said Massey. The court sustained the objection, but permitted the mortgage to be introduced merely as evidence of the indebtedness. To this ruling the defendant duly excepted.

In connection with the introduction in evidence of the several mortgages, the defendant offered to show that there was usury in the debt from said S. T. Massey to the Bank of Attalla, which was secured by the mortgage through which plaintiff claimed title to the cotton in controversy, and that, therefore, the plaintiff could not claim protection of the statute requiring the mortgage to be recorded. The plaintiff objected to the introduction of this evidence, and to such ruling the defendant separately excepted.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

M. L. WARD. for appellant.—The mortgage was not properly executed, because the attesting witness was the cashier and a stockholder in plaintiff's bank.—*Johnson v. Davis,* 95 Ala. 293; *Mash v. Daniel,* 105 Ala. 393; *Long v. Slade & Farrish,* 121 Ala. 267; *Houston v. State,* 114 Ala. 15. The defendant should have been allowed to show that the mortgage was tainted with usury.—*McCall v. Rogers,* 77 Ala. 349.

EMERY C. HALL, *contra.*—The evidence showed a valid execution of the note and mortgage.—*Carlisle, Jones & Co. v. Campbell,* 76 Ala. 247-249; *Mash v. Daniel & Co.,* 105 Ala. 393-395; 4 Mayfield's Digest, p. 831.

The question of usury in the debt due the plaintiff could in no way affect its rights as a creditor under the registration statute. Therefore, the court did not err in refusing to allow the unrecorded mortgage to be introduced in evidence.—Code of 1896, § 1009; *Chadwick v. Russell,* 117 Ala. 290-291.

McCLELLAN, C. J.—To a recovery in this case it was necessary for plaintiff to prove that it had, as against the defendant, title to the cotton in question under its mortgage of January 9th, 1902. If, as the evidence defendant offered would have shown, Massey, plaintiff's mortgagor, had executed mortgages on this cotton prior to January 9th, 1902, which were unsatisfied at the time of the conversion and which as between Massey and defendant vested the title, legal or equitable, in the latter, their title was superior to that of plaintiff under its subsequent mortgage unless the plaintiff could claim protection against defendant's prior mortgage as a *bona fide* purchaser for value without notice. This the plaintiff could not do if the debt to secure which it took the mortgage of January 9th 1902 was constituted in any part of usury: In that contingency the Bank of Attalla, the plaintiff, was not "a purchaser without no-

tice," nor a creditor without notice within the meaning of section 1009 of the Code.—*Southern etc. Association v Riddle,* 129 Ala. 562, and authorities there cited. It was therefore a material inquiry on the trial whether plaintiff's said debt was tainted with usury, and the circuit court erred in excluding the evidence offered by the defendant to prove that it was so tainted.

With this evidence in or along with it on another trial, the defendant should, of course, be allowed to prove and introduce any mortgage, prior in date to plaintiff's mortgage, he may have had on this property at the time of the alleged conversion.

We are not of opinion that Massey's signature by mark and attestation to the mortgage of January 1902 to plaintiff was invalidated by the fact that the attesting witness was an agent or employe of the mortgagee.

Reversed and remanded.

HARALSON, TYSON and DENSON, J.J., concurring.