(124 So. 514)

**PERKINS v. SKATES et al.** (6 Div. 330.)

Supreme Court of Alabama. Oct. 17, 1929.

Rehearing Denied Nov. 29, 1929.

L. Herbert Etheridge, of Bessemer, for appellees.

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

BOULDIN, J. John Skates entered into a contract in writing with Joseph Burnett & Co., of Cedar Rapids, Iowa, through O. D. Perkins, signing his name as salesman, for the purchase of "one hundred 'Perfect' 1-2-3 gum-vending machines with 2,500 balls of gum." Price, $24 each. Terms, cash. The contract, in form an order, signed by both parties, contained certain guaranties by the vendor, and the following stipulations:

"This order and agreement is complete within itself, and is not subject to cancellation nor to any agreements other than contained herein.

"Remarks: Title of said machines to remain in O. D. Perkins until amount paid as per note and mortgage."

Twelve promissory notes, of $200 each, payable monthly, were executed by John Skates and his wife, Mary Skates, payable to O. D. Perkins. To secure the indebtedness evidenced by these notes, a mortgage was executed. on the "gum-vending machines," with power of sale upon default, proceeds to be applied on the debt, and surplus, if any, paid over to the mortgagors. A separate mortgage on lands was also executed to secure the same indebtedness.

These notes and mortgages are wholly between Perkins and Skates. Joseph Burnett & Co. are not known on the face of them. It appears from the evidence that on the execution of the notes and mortgages Perkins receipted the order for the $2,400, payment in full for the machines. What arrangement was made between Perkins and his company does not appear.

Upon default, the "gum-vending machines" were retaken by suit in detinue, and the mortgage thereon foreclosed under the power of sale. The real estate mortgage was also foreclosed. The present suit is upon the notes, to recover the balance due thereon,

after crediting the proceeds of the mortgage sales.

The plea of John Skates, upon which the case was tried, sets up that the transaction was a conditional sale of the machines, and that, plaintiff having elected to retake them, the notes were avoided, and the transaction closed. Mrs. Skates pleaded coverture—that the notes were signed by her as surety for her husband.

The court submitted the case to the jury on both issues. Verdict went for both defendants.

■ If the transaction was a conditional sale, the election of the vendor to retake the property on breach of the condition, and the successful assertion of such right, constitutes a good defense to an action on the notes. Avoidance of the sale for condition broken avoids the obligation to pay. Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; Davis v. Millings, 141 Ala. 378, 37 So. 737; Welldon v. Witt, 145 Ala. 605, 40 So. 126.

■ If there be doubt as to whether the instrument evidencing the transaction constitutes a mortgage, or a conditional sale, the law favors construing it as a mortgage. This, because of the oppressive features of conditional sales, especially in certain forms of sales upon the installment plan. Oden v. Vaughn, 204 Ala. 445, 85 So. 779; Rapier v. Gulf City Paper Co., 77 Ala. 126; Crews v. Threadgill, 35 Ala. 334; Turnipseed v. Cunningham, 16 Ala. 501, 50 Am. Dec. 190.

The tendency to give the conditional sale the qualities of a mortgage finds expression in our statute, giving the vendee a statutory option to redeem when sued in detinue by the vendor. Code, §§ 7400, 7401.

■ In equity, the vendee is treated as the owner of an increasing equitable interest, as the property is paid for, protected much as the equity of redemption in mortgage cases. Barton v. W. O. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854; Bingham v. Vandegrift, 93 Ala. 286, 9 So. 280.

■ An instrument showing a sale and delivery of chattels to the vendee, "title to remain" in the vendor until the purchase price is paid, without more, evidences a conditional sale. Bass, Heard & Howle v. International Harvester Co., 169 Ala. 154, 53 So. 1014, 33 L. R. A. (N. S.) 374; McKimmie v. E. E. Forbes Piano Co., 155 Ala. 259, 46 So. 772; Sumner v. Woods, 67 Ala. 139, 42 Am. Rep. 104.

■ Appellant suggests this transaction cannot be a conditional sale, because the signed order provides that title shall be retained by Perkins, made the payee of the purchase-money notes, and there was no retention of title in the vendor, Joseph Burnett & Co.

Parties are free to contract as they will, provided they contract within the law. So, by mutual consent of all parties, the relation of conditional vendor and vendee between Perkins and Skates could be created as to the property at the time, just as it might arise by a later assignment to him or by a novation.

■ But, along with the order purporting to retain title, there was actually given a regular unquestioned chattel mortgage on the same property. The notes and mortgage bear date a month later than the original contract, but the original makes reference to "note and mortgage" given to Perkins, and other evidence discloses the giving of the notes and mortgage was contemplated from the beginning. All the documents will therefore be construed together as one and the same transaction.

■ The relation of conditional vendor and vendee, and of mortgagee and mortgagor, cannot subsist as to the same property at the same time. The state of the title and the incidents thereto are different. For example, in case of destruction of the property by fire without fault of the conditional vendee, the loss falls on the vendor; but, in the case of a mortgage, it falls on the mortgagor. American Soda Fountain Co. v. Blue, 146 Ala. 682, 40 So. 218; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134. This transaction must be construed as one or the other, not both; neither can it be held to give either party an election to treat it as a conditional sale or a mortgage, as his interest in the particular case may appear. Rapier v. Gulf City Paper Co., 77 Ala. 126.

■ The stipulation in the original contract for retention of title is coupled with a reference to a "mortgage" to be given. Standing alone, the clause might be considered ambiguous or equivocal. In a purchase-money mortgage, while there is an absolute sale, and reconveyance of the title as security for the debt, the sale and mortgage back being one transaction, the legal title really remains in the seller, but is the title of a mortgagee, not that of a conditional vendor.

But the quoted stipulation in the original order does not stand alone. A real mortgage is given and accepted, showing the existence of a debt, conveyance of the same property to secure it, a power of sale imposing a trust upon the mortgagee to conserve the mortgagor's equity of redemption by a sale as stipulated therein, the application of the proceeds, and an accounting for his equity of redemption, represented in the surplus proceeds, if any.

All this is clear and unequivocal, is not of doubtful meaning, and is a part of the contract of the parties. We cannot strike it out, as we could not, if the mortgagor were now seeking to assert his equity of redemption. The transaction was on its face a mortgage,

not a conditional sale. The case is quite similar to Dilworth v. Holmes Furniture Co., 183 Ala. 608, 62 So. 812. Our decision might be well rested on that case.

 It follows the construction of the contract evidenced by the several documents was for the court. In submitting the issue whether there was a mortgage or a conditional sale to the jury, the court erred.

For this error, the judgment is reversed, and cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.