141 So. 687

## SKATES v. PERKINS.

### 6 Div. 111.

Supreme Court of Alabama.

March 10, 1932.

Rehearing Denied May 26, 1932.

L. Herbert Etheridge, of Birmingham, for appellant.

Huey, Welch & Stone, of Bessemer, for appellee.

FOSTER, J.

We will restate a few principles of law as preliminary to a consideration of the legal questions involved in rulings on the pleading in this case, for there are no other assignments of error except to such rulings.

The rule is that while an action at law will not lie between the members of an unliquidated partnership to recover for any unsettled amount claimed as due one by the other, on account of the partnership matter, such a suit may be maintained for the contribution to the capital of the partnership furnished by one at the instance of the other. Scott v. Campbell, 30 Ala. 728; Penn v. Stone, 10 Ala. 209; Maddera v. Smith, 3 Stew. 119; Robinson v. Bullock, 58 Ala. 618.

To the extent that the pleas of defendant set up the formation of a partnership between plaintiff and defendant whereby certain vending machines should be partnership property, and that the partnership is unsettled, they are insufficient because they do not allege with certainty that such machines did not constitute defendant's contribution to the partnership.

Under such principles pleas 4, 5, and 11 were not sufficient and demurrer to them was properly sustained. But plea 9 alleges, among other things, that the notes were for the price of machines to be used by the partnership, that in the sale of them by plaintiff he had a commission of, to wit, $1,075, which under the agreement should be for the benefit of such partnership, whose affairs were unsettled.

If that is true, its effect is to creat a liability by defendant to plaintiff for the full amount of the notes, and upon its payment a liability of plaintiff to the unsettled partnership between them of the said sum of $1,075. We think such a situation creates a commingling of the consideration of the note with the affairs of the partnership between the same parties so as to make a settlement of the partnership essential to the requirement that defendant shall pay the note. Only by such settlement can the court ascertain the real amount due plaintiff by defendant on account of the notes. Immediately upon the payment in full of the notes a part of the amount so paid becomes partnership assets in which defendant is interested to the extent of having a partnership settlement. We think therefore that plea 9 is not subject to the principle of law which we stated, and its substance is not included in other pleas to which the court overruled demurrer, to wit, pleas 1, 6, 8, and 10.

Defendant has also invoked the principle that: "The real consideration for a promissory note or bill of exchange and terms and conditions on which it is payable, or by which payment may be avoided, may be shown by parol as between parties, provided that terms of instrument are not contradicted." Hardegree v. Riley, 219 Ala. 607, 122 So. 814; Jefferson County Sav. Bank v. Compton, 192 Ala. 16, 68 So. 261; Blum v. Mitchell, 59 Ala. 535; 22 Corpus Juris 1164; Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904; Utley v. Stevens, 221 Ala. 666, 130 So. 405; Blount County Bank v. Robinett, 23 Ala. App. 145, 122 So. 802; Gillespie v. Hester, 160 Ala. 444, 49 So. 580; Phillips v. Matthews, 205 Ala. 480, 88 So. 641; Wells v. Drane, 206 Ala. 583, 90 So. 898; Parker v. Bond, 121 Ala. 529, 25 So. 898. And that a defendant sued on a note may set up a collateral contract and its breach by plaintiff when it is the consideration of the note, but not when it changes the nature or tenor of the obligation evidenced by the note. Davenport & Harris v. Roberson, 219 Ala. 203, 121 So. 733; Cowles v. Townsend & Milliken, 31 Ala. 133.

But as we interpret plea No. 2 in that light it is substantially the same as plea No. 6, to which demurrer was overruled. Therefore defendant had the full benefit of such defense in that plea. For that, and other reasons not necessary to discuss, there was no error in sustaining demurrer to plea 2.

While plea 7 sets up a conditional sale contract and alleges that plaintiff has repossessed the property, it attaches such so-called contract as an exhibit. It is in the form of an order for the goods, but it states that title shall remain in plaintiff until paid for as per note and mortgage. It shows therefore that it does not express the whole of the contract, but that the reservation of title was intended to be such as is manifested by a mortgage, which was presumably then also executed, rather than a conditional sale. Perkins v. Skates, 220 Ala. 216, 124 So. 514. The presumptions being against the pleader,

the plea is not sufficient to sustain the defense attempted to be set up.

To plea 6, plaintiff replied specially by replications 7 and 8. We think that those replications were insufficient to present a good answer to that plea. Plea 6 is not in the nature of a rescission of the contract. But its substance is a want of consideration, in that defendant was not the purchaser of the machines, but that the notes were given as a color of purchase, so as to justify the collection by plaintiff of a commission for their joint benefit as partners.

When the machines came the fact that defendant received and accepted them was not inconsistent with the claim that this was for the benefit of such partnership and not on his own personal account. This is not affected by the knowledge of defendant that plaintiff was then and there claiming payment of the notes. Defendant was entitled to the goods for the partnership, upon the averments of plea 6, and the improper claim by plaintiff of a liability by defendant to him should not deprive defendant of the right to receive the machines for the benefit of the partnership. Estoppel, in order to destroy the benefit of defensive matter, may not be created by conduct consistent with such defense. The replications do not allege that he was not acting for the partnership in accepting the machines, but that he was acting solely on his own account.

The rejoinders to such replications seem only to call to the attention of the court the legal insufficiency of such replications, rather than to bring forward matter by way of confession and avoidance. But as the replications were insufficient there is no occasion to pass on the sufficiency of the rejoinders to them.

For the errors in sustaining demurrer to plea 9, and in overruling demurrer to replications 7 and 8 as an answer to plea 6, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.