152 So. 36

## SKATES v. PERKINS.

### 6 Div. 367.

Supreme Court of Alabama.

Jan. 11, 1934.

36

L. Herbert Etheridge, of Bessemer, for appellant.

Huey, Welch & Stone, of Bessemer, for appellee.

BOULDIN, Justice.

The suit was on a series of promissory notes given by defendant to plaintiff.

This is the third appeal. Decisions on former appeals are Perkins v. Skates et al., 220 Ala. 216, 124 So. 514, and Skates v. Perkins, 225 Ala. 33, 141 So. 687.

The present appeal, as on last appeal, seeks to review rulings on pleadings.

There is no bill of exceptions.

The oral charge of the court, as well as given charges, appearing in the record, discloses the cause was tried on numerous pleas and special replications.

Among the pleas on which the cause was tried was plea 8, the same as plea 9 set out on former appeal (225 Ala. 33, 141 So. 687, 688). This plea sets up the facts showing the relation of the notes to the alleged unliquidated partnership between the parties.

Pleas 10 and 12 on present appeal present the same defense as plea 8, to the effect the notes were given for machines purchased for the use of the partnership, and not as defendant's contribution to the capital of the firm.

If not subject to demurrer for lack of certainty, failure to disclose in substance the transaction which would give them a status not imported by the notes themselves, it does not appear but that defendant had the full benefit of this defense under plea No. 8.

Besides the oral charge of the court on this issue, the court gave the following charge in writing for defendant: "The court charges you, gentlemen of the jury that if the defendant has reasonably satisfied you from the evidence that the notes here sued on were given for the purchase price of certain gum vending machines for a partnership then existing composed of plaintiff and defendant and did not constitute defendant's contribution to the partnership you cannot find a verdict against the defendant, unless the plaintiff has reasonably satisfied you from the evidence that defendant was not acting as a partner of said partnership when he paid the freight on the machines and exercised the other acts of dominion over them."

In the state of the record, no injury to defendant appears from sustaining demurrers to pleas 10 and 12, and we need not consider whether they were subject to the demurrer. Henderson v. Tennessee Coal, Iron & Ry. Co., 190 Ala. 126, 67 So. 414.

Plea 6 on present appeal is the same as plea 6 set out on former appeal (225 Ala. 33, 141 So. 687, 688). Plea 9 on present appeal is a duplicate of plea 6. To these pleas plaintiff interposed replications 9 and 10. As will be seen by reference to the decision on the second appeal, supra, these replications meet the criticisms of replications 7 and 8 then before the court.

Clearly, if, with full knowledge that he was being called upon to pay the notes as per the terms of his written contract, which more fully appears from the decision on first appeal (220 Ala. 216, 124 So. 514), the defendant accepted the shipment, proceeded to devote same to his personal use and profit, abandoning and ignoring any partnership, he became liable for an individual purchase as per his written contract, including the notes he had given.

The demurrers to these replications were properly overruled.

Defendant filed rejoinders 1 to 5 to these replications to which demurrers were sustained. This ruling is assigned as error.

These rejoinders 1 to 4 seek to avoid liability, notwithstanding the facts set up in the replications, because he had outstanding negotiable notes which might pass into the hands of bona fide holders in due course. They show no offer to rescind, with readiness to surrender the property, putting the vendor in status quo at the same time the latter put him in like position.

Rejoinder No. 5 is that most insisted upon as being sufficient. It can hardly be said this rejoinder either traverses or avoids the allegations of the replications that defendant took possession of the machines and merchandise, devoted same to his personal use, selling the merchandise, keeping the proceeds, etc.

True, merely holding possession as bailee after offer to rescind, standing ready to surrender same, does not prevent an effective rescission. Hayes v. Woodham, 145 Ala. 597, 40 So. 511.

But it would seem needless to cite authority to the proposition that, even after notice of rescission, the holder could not proceed to use the machines as his own for individual profit, and make merchandise of the portion intended for that purpose, all for his own benefit, and still claim a rescission.

Construed most strongly against the pleader, it can hardly be said the defendant ever gave notice of a wish or purpose to rescind. It merely says defendant notified plaintiff of "his willingness to surrender said machines before suit was entered," etc. This shows no offer to surrender the entire property. For all that appears, defendant had sold and pocketed the proceeds of the merchandise before he ever notified plaintiff of a willingness to return the machines.

Without discussing other features of these rejoinders, we hold the demurrers thereto were properly sustained.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.