166 So. 413

**PUTMAN v. CAMPBELL et al.**

**8 Div. 608.**

Supreme Court of Alabama.

March 5, 1936.

A. A. Williams, of Florence, for appellant.

Raymond Murphy, of Florence, for appellees.

ANDERSON, Chief Justice.

Bill by complainants to purge mortgage of usury, to procure credit for a payment thereon, and to redeem.

 The mortgage which was duly executed and acknowledged provided for the payment of 8 per cent. interest, and the burden of proof was upon the complainants to show that the mortgage was changed in this particular or that usurious interest had been charged and, as to this, we think, and so hold, she failed. Boyd v. Dent, 216 Ala. 171, 113 So. 11.

 As to the credit, we do not feel that the trial court was in error in applying the $900 as a credit to the real estate mortgage for $1,472.38. We think it represented all that was due from J. T. Campbell when the same was given and, if there was a chattel mortgage or note anterior thereto, it was included in said $1,472.38. Putman claims, however, that he held a chattel mortgage for $215 made March 1, 1929, a short time before Campbell died, and which was subsequent to the real estate mortgage. As to this, the original has not been satisfactorily accounted for, to say nothing of the fact that the execution by Campbell is by mark when his signature appears on the other mortgage; but, apart from this, this 1929 chattel mortgage, if genuine, was evidently intended for advances for the year, and Campbell died in May of that year, and the evidence shows that advances were procured for said year from Davis. Indeed, Putman admitted that he did not furnish the Campbells anything during the year 1929. Mr. Campbell died in May, 1929, and Putman said he had not asked him to furnish him for that year. In other words, the testimony is so unsatisfactory as to this purported $215 chattel mortgage that the trial court cannot be put in error in not applying $200 of the $900 payment as a credit on said chattel mortgage.

The decree of the law and equity court is affirmed in part, and reversed as to holding that the respondent, Putman, was not entitled to interest, and the cause is remanded for a restatement of the amount due on the mortgage by allowing Putman interest and giving the complainant credit for $900 as of the date of payment; the appellee to be taxed with the cost of this appeal, and appellant, Putman, to be taxed with all cost in the trial court.

Affirmed in part, and reversed and remanded in part.

THOMAS, BROWN, and KNIGHT, JJ., concur.