55 So.2d 361

**BERN et al. v. ROSEN.**

3 Div. 933.

Court of Appeals of Alabama.

Nov. 20, 1951.

Bernard Lobman and H. T. Fitzpatrick, Jr., Montgomery, for appellants.

Jos. J. Levin, Montgomery, for appellee.

PRICE, Judge.

On March 14, 1950 Aaron Benjamin secured from Nathan Rosen a diamond ring and watch chain, paying no part of the purchase price in cash. He signed and delivered to Rosen a deduction slip, to be

turned over to his employer, The Western Railroad Company, authorizing the company to withhold from his wages the amount of each month's installment, and entered into the following contract for the payment of the purchase price of the property:

"(Note: Part of word torn from corner, leaving remainder of word *'Tention of Title Contract 5M-8-49—For sale by Brown Printing Co., Montgomery, Ala.*

"State of Alabama,
"Montgomery County,

"This Is To Witness, That I have this day received of Nathan Rosen of said County, hereinafter known as Vendor, the following described property, to-wit:
*"One Gents diamond ring, .25 points—for the price of $169.50, One Simmons 'Boston link' watchchain—for the price of $17.95*
—which I agree to purchase from said Vendor at the price of *One* hundred eighty-seven and 45/100 Dollars, to be paid as follows: —— Dollars Cash and the balance in installments, as follows:
"$18.75 due May 15, 1950
"$18.75 due June 15, 1950
"$18.75 due July 15, 1950
"$18.75 due August 15, 1950
"$18.74 due September 15, 1950
"$18.74 due October 15, 1950
"$18.74 due November 15, 1950
"$18.75 due December 15, 1950
"$18.74 due January 15, 1951
"$18.74 due February 15, 1951
"$   due    19—
"$   due    19—

"1. Title to said property shall not pass to the purchaser until said amount is fully paid in cash.

"2. No transfer, renewal, extension or assignment of this contract or any interest thereunder, or loss, injury, or destruction of said property shall release the purchaser from this obligation hereunder; the assignee shall be entitled to all the rights of the seller.

"3. In the event the purchaser defaults on any payment or fails to comply with any condition of this contract or a proceeding in bankruptcy, receivership or insolvency be instituted against the purchaser or his property, or the seller deems the property in danger of misuse, the full amount shall, at the election of the seller, be immediately due and payable.

"4. No warranties expressed or implied have been made by the seller unless endorsed hereon in writing.

"5. Time is of the essence of this contract, and if the purchaser defaults in any payment or compliance with the terms thereof, the seller or any officer of the law may take immediate possession of said property without demand (possession after default being unlawful), including any accessories thereto; and for this purpose the seller may enter upon the premises where said property may be and remove same. The seller may resell said property at public or private sale, without demand for performance with or without notice, with or without such property at the place of sale, and upon such terms as the seller may determine; the seller may bid at any public sale. From the proceeds of any such sale the seller shall deduct all expenses of retaking, repairing and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser, and in case of deficiency, the purchaser shall pay the same with interest.

"I hereby waive all rights of exemption of personal property in favor of this obligation, and agree to pay all reasonable attorney's fees incurred by said Company in the enforcement hereof or the collection of moneys due hereunder, and any suit brought by said Company based on this contract may be prosecuted in Montgomery County, Alabama. And whereas, it is contemplated that the undersigned may become indebted to the seller in other sums, it is intended that this agreement is for the security thereof, it being understood that all of said contracts shall be carried on the books in one general account against him. If the buyer suffers said property to be removed out of the County in which he now resides as above stated, without the written consent of the seller, all remaining notes and all other indebtedness hereunder shall at sell-

er's option become due and payable immediately.

"Witness my hand and seal, this *14th* day of *March,* 1950

"Signed, Sealed and Delivered in Presence of ——

    X /s/  Aaron Benjamin (L.S.)"

About the first of April 1950 Benjamin pawned the ring with the City Pawn Shop, obtaining the sum of $40.00. Shortly thereafter he lost his job. Plaintiff's exhibit 2, showing payment of $5.00 and the amount of balance due the City Pawn Shop is set out herein:

"City Pawn Shop
1· Monroe Street
Montgomery, Alabama
Date · *4–27–50*  19—
Name  *Aaron Benjamin*

| A/C | 44.00 |
|-----|-------|
| Cash | 5.00 |
| | $39.00 |

*In Case of Error Return This Slip"*

This detinue suit was brought by Rosen against the City Pawn Shop to recover possession of the chattels. Defendants filed a sworn statement that at the time of the suit they did not have possession of the watch chain, and pleaded the general issue in short by consent.

The trial was had before the court without a jury. There was a judgment for plaintiff and defendants appealed.

The contract of sale was not filed for record, and there is no contention that defendants had actual notice of its terms and conditions.

It is the claim of defendants that the instrument amounts to a chattel mortgage and that it should have been filed for record as provided by the statute relating to chattel mortgages, in order to be valid against the defendants.

The plaintiff contends the instrument is a conditional sale contract, and under the provisions of Sec. 131 of Tit. 47, Code of 1940, as amended, "that in counties having a population of more than 80,000 inhabitants according to the last federal census, or any subsequent federal census, no contract covered by this section for less. than two hundred dollars. in amount need be filed for record as provided herein", was not required to be recorded.

The question presented here is whether the written instrument in issue is a conditional sale contract or a chattel mortgage.

"If an instrument besides reserving title to the vendor purports to permit the retaking of the thing sold, a sale of it, and the recovery of any balance of the purchase price which may be unpaid, with costs and attorneys' fees, the provisions are inconsistent and the instrument evidences a title by way of security only and not a conditional sale, but a contract which reserves title without permitting an action to recover the debt, or which gives an election to take possession of the property and retain all sums paid by the vendee as liquidated damages, or to collect the unpaid balance of the purchase price, is a pure conditional sale." 47 Am.Jur., Sales, Sec. 833.

"It is familiar law that if a vendor in a conditional sale exercise his option to take back the property sold, he can not thereafter enforce the payment of the purchase price, as the assertion of either right is an abandonment of the other. Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; Sanders v. Newton, 140 Ala. 335, 37 So. 340, 1 Ann.Cas. 267; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L.R.A. 395, 86 Am.St.Rep. 134; Kent, et al. v. Dean, 128 Ala. 600, 30 So. 543; Perkins v. Skates, et al., 220 Ala. 216, 124 So. 514." S. F. Bowser & Co. v. Harris, 241 Ala. 113, 1 So.2d 14, 15; Voges v. Ward, 98 Fla. 304, 123 So. 785; Dowdell v. Empire Furniture & Lumber Co., 84 Ala. 316, 4 So. 31.

"It is said that it is always a question in deciding whether a transaction is a conditional·sale or a mortgage, whose loss it will be if the thing is destroyed; if that of the maker of the deed, then it is a mortgage, but if it is the loss of the payee, it is a conditional sale." 47 Am.Jur., Sales, Sec. 833, p. 19.

As to this question our Supreme Court held, in the case of Fidelity Phenix Fire Ins. Co. of New York v. Raper, 242 Ala. 440, 6 So.2d 513, 520:

"* * * it is recognized in this state that a conditional seller of chattels shall sustain all loss with respect to them by fire or otherwise.

"In Perkins v. Skates, et al., 220 Ala. 216, 218, 124 So. 514, 515, it is declared: 'The relation of conditional vendor and vendee and of mortgagee and mortgagor, cannot subsist as to the same property at the same time. The state of the title and the incidents thereto are different. For example, in case of destruction of the property by fire without fault of the conditional vendee, the loss falls on the vendor; but in the case of a mortgage, it falls on the mortgagor. American Soda Fountain Co. v. Blue, 146 Ala. 682, 40 So. 218; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L.R.A. 395, 86 Am.St.Rep. 134. * * *'

"To the same effect are the cases of Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L.R.A. 395, 86 Am.St.Rep. 134; Commercial Inv. Trust, Inc. v. East, 217 Ala. 626, 629, 117 So. 160; General Motors Acceptance Corp. v. Crumpton, 220 Ala. 297, 124 So. 870; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944."

In construing a so-called conditional sale contract Judge Brown, in the case of General Motors Acceptance Corporation v. Crumpton, 220 Ala. 297, 124 So. 870, 871, observed:

"The contract stipulates that the vendee shall remain liable for the debt in case of loss or destruction, * * *. The contract also stipulates that the vendor, or its assigns, in case of default on any of the payments, or at any time it deems itself insecure, may repossess the property and sell the same, with or without notice, at the risk of the vendee, and apply the proceeds of the sale to the payment of the debt, and hold the vendee liable for any deficiency that may remain unpaid, and, in the event the proceeds of the sale are more than sufficient to pay the debt, the surplus shall be paid to the vendee. * * *

"Taking the contract as a whole, while it provides that 'title to said property shall not pass to the purchaser until said amount is fully paid in cash,' the reservation is of a special property—as a charge on the property as a security for the balance due on

the purchase price—vesting in the vendee the general and beneficial ownership with the right of possession and use until default, and though it be conceded that all the indicia of a mortgage are not present, the contract constitutes a lien within the meaning of section 9021 of the Code [Code 1940, Tit. 47, § 176]."

A comparison of the contract in that case with the provisions of the instrument involved here, show their similarity, and while the contract in question recites that it is a retention of title contract or conditional sale, the reservation of title is qualified by provisions which, under the decisions herein cited, are inconsistent with the theory of a conditional sale.

"If there be doubt as to whether the instrument evidencing the transaction constitutes a mortgage, or a conditional sale, the law favors construing it as a mortgage. This, because of the oppressive features of conditional sales, especially in certain forms of sales upon the installment plan. Oden v. Vaughn, 204 Ala. 445, 85 So. 779; Rapier v. Gulf City Paper Co., 77 Ala. 126; Crews v. Threadgill, 35 Ala. 334; Turnipseed v. Cunningham, 16 Ala. 501, 50 Am.Dec. 190." Perkins v. Skates, 220 Ala. 216, 124 So. 514, 515.

Applying the pronouncements of the authorities cited herein to the case at bar, we are of the opinion the instrument is in effect a chattel mortgage, and not having been recorded, was inoperative against the defendants. Tit. 47, Sec. 123, Code of 1940.

It is the contention of appellee in brief that appellants would not be entitled to the protection of the statute requiring recordation for the reason their transaction with Benjamin was usurious, and they were prevented from becoming bona fide creditors for value without notice, citing as authority for their contention: Southern Home Building & Loan Ass'n v. Riddle, 129 Ala. 562, 29 So. 667; Morris v. Bank of Attalla, 142 Ala. 638, 38 So. 804; Clark v. Johnson Guardian, 133 Ala. 432, 31 So. 960.

The contract between defendants and Benjamin does not appear in the record. Benjamin testified: "I knew it was time to pay the interest. I had lost my job and

told them that I wanted to pay the interest, * * * and I told them I only had $5.00. He said, 'Aaron lost his job, he is a good customer, I tell you what we will do, you can pay $5.00 on the ring and we will put it aside until you get the other $39.00, and then pay it out and get the ring back.' And 'He said he would put it aside and I would not be charged any more interest and when I paid the other $39.00 I could have the ring.'"

This is the only evidence in the case as to interest.

 The burden of proving that a transaction is infected with usury lies upon him who attacks it. 55 Am.Jur., Usury, Section 164; Putman v. Campbell, 231 Ala. 599, 166 So. 413; Boyd v. Dent, 216 Ala. 171, 113 So. 11.

■ We are of the opinion the appellee failed to establish the fact of usury.

Reversed and remanded.