## Pettigrew v. Pettigrew.

1. When the same plea may be pleaded, and the same judgement rendered, on two counts in a declaration, there is no misjoinder.
2. Debt lies in this state against an executor, for the recovery of a legacy, though the most appropriate remedy is in chancery
3. In debt against an executor for a legacy which is in his hands, the judgement is *de bonis propriis*.
4. To charge an executor in his own right, even where the promise must be in writing, it need not be so averred in the declaration.
5. The act of 1812, giving a summary remedy by petition to the County Court to recover a legacy, is cumulative to that of 1803.
6. On a general demurrer to a declaration containing two counts, if one is good the demurrer will be overruled.
7. In debt, judgement on demurrer, by default or *nil dicit*, the Court may render final judgement without writ of inquiry.

HARRIETT G. PETTIGREW, an infant, by her guardian, brought an action of debt in Greene Circuit Court, against John Pettigrew, to recover a legacy. The writ was against the defendant without naming him as executor, and was endorsed to recover a legacy bequathed to her by her father, of whom the defendant was executor. The

declaration contained two counts. The commencement was against the defendant *generally*, " that he render unto said plaintiff the sum of $1,600, which he owes, to and from her unjustly detains." The first count averred that E. Pettigrew, in March, 1821, in South Carolina, by will, made the defendant his sole executor, and directed him to sell his real and personal estate, and to divide the money arising from such sales between his wife and two children, share and share alike; that the plaintinff is one of said children; that he afterwards died there; that the defendant took upon himself the executorship; that goods and real estate to the amount of $4,800 and more, came to his hands, and were by him sold for that amount and upwards; that there remaining in his hands, after paying all claims and charges against the estate, and all expenses of executorship. the sum of $4,800 of surplus money, that by reason of the premises, he became liable to pay the plaintiff $1,600, being her share of said sum so bequeathed, on request; and being so liable, the defendant then and there undertook and agreed to pay said sum of $1,600, when requested, whereby an action had accrued, &c." The second count was a common count against the defendant individually for $1,600, money had and received. The declaration concluded against the defendant individually. The defendant demurred generally to the declaration, and the Court, at September term, 1826, overruled the demurrer, and gave a judgement final against the defendant generally, for $1,600 the debt, and $128 35 damages, being the interest accrued from the issuance of the writ.

The defendant below in this Court assigns the following errors: 1. The overruling the demurrer. 2. That there was a misjoinder of counts, the first being against the defendant in his representative character, and the second in his own right. And 3. That judgement final was rendered without writ of inquiry.

BARTON and KELLY, for the plantiff in error, argued on the following points:

1. That the declaration was bad for a misjoinder of counts; that the facts averred in the first count, charged the executor *de bonis testatoris*, and the second *de bonis propriis*; [a] that the executor is not chargeable for payment of a legacy out of his own estate, unless he promise in writing, and that no such promise is averred. [b] The

JULY 1828.

Pettigrew
v.
Pettigrew.

a 1 Saund. 111, 112.
b See Statute of Frauds, Laws Ala. p. 244.

JULY 1828.

Pettigrew
v.
Pettigrew.

*a* Laws Ala. p. 335, § 1 and 2.

rights of the other legatees are involved, and they should be joined. No request to pay is averred, nor any final settlement of the estate in the Court of ordinary or elsewhere. The statute of 1812, *a* provides. that any person entitled to distribution, may, after twelve months from the granting of letters obtain the same by order of the County Court, on giving a refunding bond to secure the payment of such after claims as may be recovered against the executor. There is no averment of such bond and security being given, and an executor is not liable without it. The statute protects him from an action at law, unless such bond is given.

2. That debt was not the proper remedy, nor indeed, any action at common law. An action of debt will not lie to recover a legacy. *b* Substantial justice cannot be done to all parties concerned in this form of action. The action of debt being for a specific sum, it cannot be brought until there has been a settlement, whereby the sum is ascertained. If an action at law lies at all, it must be the action of *account*, under the statute of 1803, *c* which is a much more appropriate remedy. *d* Debt on simple contract does not lie against an executor.

*b* 1 Selwyn. N.P. 37, 38. Peake's N P. C. 73. *5* T.R. 690 4 Esp. N. P. C. 154.

*c* Laws Ala. p. 33. § 42.
*d* Fitz. N. B. 266.
1 Comyn. Dig. 114 and 115.
1 Mod. 69.

3. The judgement should not have been final, but a writ of inquiry should have been awarded. *e* The statute, *f* can be of no avail in this case, as there is not a writing ascertaining the sum due. Upon what principle then could interest be given?

*e* Tidds Append. 229, 230.
*f* Laws Ala. p. 70.

VAN DEGRAFF, for the defendant in error.

We contend there is no misjoinder of counts; and if there is none, and one count is good, the demurrer being to the whole declaration, the Court should give judgement on the good count. *g* But if there is a misjoinder, or if there is no one good count, judgement of course should have been for the defendant below.

*g* 1 Chitt. Pl. 643. 1 Saund. 286, n 9.

There was no misjoinder. The judgement on either count would be *de bonis propriis*; and where the judgement is the same, there is no misjoinder. *h* It is said, the second count is against the defendant in his own right; both are so. The writ is against the defendant individually, in the debet and detinet; the first count is also in the debet and detinet, and commences and concludes without naming the defendant as executor. Is not this the way to charge a defendant in his own right?

*h* 1 Chitt. Pl. 197.

But suppose the case made out in the first count is one

in which the defendant could not lawfully be charged, otherwise than as executor, the consequence would simply be, that the count would be defective, but there would be no misjoinder. [a] Suppose an executor is sued in his own right, on a note of his testator, and on his own note, in the same action, in two counts; there would be no misjoinder, but one count would be bad on demurrer.

We insist, however, that the facts averred in the first count, do properly charge the defendant in his own right. He is charged with having actually received $4800 over and above all expenses and claims, $1600 of which are due to the plaintiff, which he refuses to pay. When a claim exists against an *estate*, independently of assets, an executor is chargeable only in his fiduciary character. But when the claim is founded upon the existence of assets, and is commensurate with them, he is chargeable personally; he has in fact *received money for the plaintiff's use*, and is as much bound as if the money was received through any other agency. If he was bound as executor only, the amount of the recovery would not depend on the quantum of assets received, but here the very existence of the claim depends on assets, and the extent of recovery on the extent of the assets received.

Again, if this count charges the defendant in his representative capacity, the judgement would be *de bonis testatoris*. Where that is the judgement, *plene administravit* is a good plea. Now this plea admits the claim to be good, but denies assets to satisfy it. What figure would such a plea make on this record? It would be an absurd defence to the first count. Such a plea may be confessed, and judgement taken of assets *in futuro;* how would such a judgement fit such a count? The reception of subsequent assets would only increase the difficulty. On *nil debit* to the first count of this declaration, the plaintiff must prove assets, and recover for so much as he proves.

It is then clear, that the first count not only does, but should properly charge the defendant personally; then there was no misjoinder.

No objection can be made to the second count; it is a count in debt for money had and received, taken from the form in Chitty. Debt will undoubtedly lie for money had and received, as well as indebitatus assumpsit; [b] in truth, indebitatus assumpsit will not lie where debt does

JULY 1828.

Pettigrew
v.
Pettigrew.

[a] 1 Chitt. Pl. 197.

[b] Comyns Dig title Dett. and 2 Chitt. Pl. for the common counts in debt.

not. Hence the plaintiff ought to have recovered on the second count any amount of money which he could prove the defendant had received to his use, up to $1,600.

It may be contended that the second count is bad for want of predicate to found it on, in the endorsement on the writ. But no oyer is craved of the writ or endorsement, and the count cannot on the demurrer travel beyond the declaration. It reaches the first bad pleading, *a* but does not go into the writ, *a* and this Court has determined frequently that the endorsement will not be looked into to reverse a judgement. But suppose we go back to the endorsement, it does in fact furnish a predicate for the second count. Could not a legacy be recovered under it, on proof of a pecuniary legacy, and of the defendant's assent to it, or of an undertaking in writing to pay a certain sum described as a legacy? Most assuredly a recovery might be had on the second count at common law, *b* and it would accord with the endorsement on the writ. Lord Mansfield, in the celebrated case of Moses against M'Farland, *c* declared that the common counts were most beneficial to both parties; the plaintiff could not recover unless upon proof of his whole case, he was equitably entitled to recover, and the defendant could go into any equitable defence to shew, that *ex equo et bono*, the plaintiff ought not to recover. A promissory note may be recovered under a money count, the maker being regarded as having enjoyed a receipt of the amount for the payee's use. *d* So, on a common count for work and labor, a special agreement may be recovered on, if performed. *e*

If those views are correct, the judgement was proper, if we had no statute providing for the recovery of a legacy by action at law. But both counts are good, because in this State, by a statute passed in 1803, an action at law may be maintained for a legacy without the previous assent of the executor. *f* In this our State is not singular; similar statutes having been passed in New-York and in Pennsylvania. *g*

The counsel for the plaintiff in error refer to a statute passed in 1812, *h* introducing a new and summary remedy for the recovery of a legacy; and they insist upon such an interpretation of this statute as would apply the restrictions which it imposes on the summary remedy it in-

a 2 Salk. 653. 1 Saund. 318 n. 3. 1 Chitt. Pl.

b Cowper 234, 289.

c 2 Burrows 1010, 1011.

d 3 John. cases 5. 8 John. 79 2 Raym. 757. 12 John. 50 2 Seig. and Hawle 363. Chitty on Bills. e 1 Chitt. Pl.

f Laws Ala. 333.

g 1 Chitt. Pl. 92. n. 14.

h Laws Ala. 335.

troduces, to all other remedies. This is opposed to all rules of construction applicable to the subject. The statute is cumulative : it does not abolish or affect those remedies for the recovery of a legacy which existed previous to its passage. [a] But suppose we give to the act of 1812, the most latitudinous construction possible, and agree that since its passage, no action in chancery or at law, either at common law, after the executor's assent, or under our statute without his assent, can be commenced until twelve months have expired from the grant of his letters testamentary, nor until bond be given or final settlement made. Then, if an action should be improperly commenced in respect to any one or all of these particulars, it would be matter of defence, and should be pleaded. The plaintiff's proceedings may be silent in relation to them, until they are brought to the notice of the Court by plea. An administrator cannot be sued lawfully until after six months have expired from the granting of his letters. Yet, if suit be instituted too soon, he cannot demur, but must plead the fact. So here, if bond ought to have been given before suit brought, and was not, the defendant ought not to demur. Again, the statute does not require the bond to be given before suit brought, but only before the defendant is actually compelled to pay the legacy. Would not the correct practice under it be to render judgement and stay execution until bond be given? But let the statute be construed as it will, we might have proved under the common count, if necessary, that bond had been given, and that twelve months had expired. Therefore, the demurrer was correctly overruled.

It is contended also that if the judgement should have been for the plaintiff at all, it should not have been final, but only interlocutory ; and that a writ of inquiry should have been executed. The statute [b] is referred to for the purpose of sustaining this position. Now this is not a restraining, but an enabling statute, as appears from its context. It dispenses with the writ of inquiry where it was necessary at common law, but it does not render it necessary where at common law it was unnecessary. The judgement in debt, on *nil dicit*, or on demurrer, when for the plaintiff, is always final, "that the plaintiff recover his said debt," &c. so are all the precedents. There is no case in which it is necessary, in debt, to execute a writ of in-

JULY 1828.

Pettigrew
v.
Pettigrew.

[a] 1 Black. 60
Rule 3. 89 R. 7

[b] Laws Ala. p. 79
§ 3.

74

JULY 1828.

Pettigrew
v.
Pettigrew.

*a* 1 Saund p. 58.
n. 1. p. 281. 2
Jacobs Law Dic.
p. 242-3, title
Demurrer. 3
Black 1 Chitt.
Pl 108, 109, 213.
7 T R. 442.
6 John 287.
2 Saund.106,107.
2 Wils. 374. 1 H.
Black. 252, 592,
550, 541.
*b* Page 197.

*c* Page 292.

quiry, except in proceeding upon the statute on a penal bond : the statute converting the action of debt into covenant. [a]

## By JUDGE WHITE.

It is insisted in the first place, that there is a misjoinder of counts ; that the defendant below is charged in the first count as executor, and in the second in his individual character. Chitty, in his first volume, [b] says that the question of misjoinder of counts depends on the form of the action, rather than on its subject matter; and that when either the same plea may be plead to all the counts, or the same judgement may be rendered on them all, though they may require different pleas, they may be joined. Again, in Cowper's Reports, [c] Justice Buller, in stating the difference between charging a defendant in his fiduciary character of executor, and personally, says, that in the former case he is named as executor in the beginning of the declaration, and afterwards stated to be liable as such; but in the latter, he is charged generally, as any other person, and a *general charge is a personal one.* Now, without adducing any other authorities, if we test the first count in this declaration by these rules, I think it will be found to contain a personal charge against the defendant. He is charged in the *debet and detinet;* is not named in the beginning of the declaration as executor, and although afterwards, in alleging the facts out of which his liability arose, it became necessary to state that he was appointed executor, took upon himself the execution of the will, sold the property, &c. yet the form of the action, in all its aspects, is evidently against him in his individual character. The plea of *nil debet* would have answered both counts, and the judgement upon each would be *de bonis propriis.* There is clearly then, no misjoinder of counts.

It is, however, urged that the first count is in itself defective in several respects. In the first place, this defect is said to consist in not stating the promise to pay the legacy, to have been in writing. It is at least questionable, whether statute of frauds requires that a promise of this kind should be in writing; for its language is, that no action shall be brought whereby to charge any executor or administrator upon any special promise, to answer any *debt* or *damages* out of his own estate, unless the

same be in writing, &c. But if it were conceded, that such a promise to sustain an action must be in writing, the books shew beyond a doubt that it need not be thus stated in the declaration. [a]

But it is further contended, that no action will lie in a court of common law to recover a legacy. This position, to a certain extent, and with certain qualifications, may be correct. There have been different decisions in the English Courts, at different periods, and with different modifications as to this point. But let this question stand as it may in England, the latter part of the forty-second section of the act of 1803, [b] puts it to rest in this State. It is there, after providing the action of account, as between executor and executor, and for an executor, when a residuary legatee, and other residuary legatees, enacted, "that *any person* having a legacy bequeathed in any last will and testament, may sue for and recover the same at common law." These words are too unequivocal to be misunderstood. The action at law is clearly given, and as the kind of action is not mentioned, we think that debt will lie. For where a remedy for the recovery of money is given by statute, and the description of action not named, debt is the proper action. This might be further shewn by authorities referred to in argument, and others at hand; but we conceive it unnecessary. We are also of opinion that the subsequent act of 1812, giving a remedy by petition to the County Court, does not repeal, but is cumulative of the remedy given by that of 1803. Whilst however, we intimate this much as to the action at common law, we are aware that it is obnoxious to the objections urged with so much force by the English Judges, and are decidedly of opinion that Chancery is the more suitable tribunal for the adjustment of such claims, where from the peculiar manner of proceeding, the rights of the executor may be secured, and an account and ample remedy given to the legatee. It is further said, that the first count in this declaration is defective in other respects. These we deem it unnecessary to notice, for if this count were bad, the defendant below should have demurred to it, and not to the whole declaration. He however, chose the latter method, and in that state of the pleadings. as the second count is good, the demurrer was properly overruled. [c]

The only remaining question of moment is, whether

JULY 1828.

Pettigrew
v.
Pettigrew.

[a] 1 Chitt. Pl. 237.
1 Saund. 276,
note 2.

[b] Laws Ala. 333;

[c] 1 Chitt. 643,
marginal page.

JULY 1828.

Pettigrew
v
Pettigrew.

*a* 2 Saund. 106, 107.

*b* 6 John, 287.

*q* Term R. 493.

the Circuit Court erred in rendering final judgement after having overruled the demurrer, without the intervention of a jury. This we will examine as it stands at common law, and then with reference to our own statute. It must be conceded, that as to this point, the question is the same as if the defendant had failed to plead at first, and judgement thereupon was rendered by default. It is indeed, to all intents and purposes, a judgement by default, or for want of a plea. The action being debt, the sum sued for is certain, and the recovery must be *in numero.* In such a case, if judgement be by default, or confession, it is the course of the Courts, both of King's Bench and Common Pleas in England, to tax the damages for the detention of the debt, if the plaintiff desires it. *a* In the case cited, it is said expressly, that the suing out of the writ of inquiry is at the election of the plaintiff, and not of the defendant. In Fenton against Garlich, *b* this principle is laid down, that in actions of debt, when a judgement by default is obtained, the plaintiff need not issue a writ of inquiry to ascertain the interest or damages, but the same may be ascertained by the clerk. This action was indeed founded on a judgement. But the Court, in delivering its opinion, do not assign this as their reason for the judgement; but on the contrary, expressly distinguish that case from the case of Messin against Massareene, on the ground that the one was debt, and the other assumpsit. *c* In 1 Chitty's Pleadings 214, the author says, that the action of debt is preferable to assumpsit or covenant, for this reason, that the judgement in debt by *nil dicit,* &c. is final, and execution may be taken out without a writ of inquiry, which is usually necessary in assumpsit and covenant. The effect then of the common law principles upon the present case is, as I conceive, this: the plaintiff sues in debt, for a sum certain, the defendant instead of denying his claim, demurs; this demurrer is overruled. By the demurrer, the facts are taken to be true so far as they were well pleaded, and the demurrer being overruled, the facts in legal contemplation, are true as stated in the declaration. There was then due from defendant to plaintiff, sixteen hundred dollars, at the time of the issuance of the writ, the time from which the interest by way of damages was ascertained by the Court. This, we think, they had a right to do by the principles of the common law, unless the plain-

tiff elected his writ of inquiry.   As for the statute, it is evidently cumulative, and provides for cases regardless of the character of the action, in which perhaps the Court by the common law could not have ascertained the damages.

A majority of the Court are of opinion that the judgement must be affirmed.

THE CHIEF JUSTICE and JUDGE PERRY not sitting.