Opinion of the Court, by
Hornblower, C. J.
The demurrer, which is a general one, goes to the first three counts. If either of them is good, the demurrer must be Overruled with costs: it cannot be sustained in part and overruled in part.
The first count, upon the face of it, appears to be unobjectionable ; and if the plaintiff has any such covenant as is there set out,'and made proferí of, I do not see why she might not recover upon it, as she has demanded.
But the defendant has craved Oyer of the deed, and spread it upon the record; whereby it has become a part of each count in the declaration, which refers to and makes profert of it. We must therefore consider the several counts demurred to, in connection with and as founded on the covenant set out.
Then as to the first count: the demurrer admits the covenant declared upon, and refers to the court the question ; whether, it will sustain that count, or justify a recovery upon it? That it will not, is too clear to need any argument. It does not describe the agreement truly, either in form or effect, but claims to recover upon a statement totally different from the terms of the agreement. It sets out a covenant by which the defendants became immediately liable to pay her, the whole sum of nine hundred dollars; and that without any act to be done on her part: Whereas by the covenant, the money was to be paid by two instalments, and on the payment of the last, she was to deliver to them, a deed for the land: and yet the count avers no performance, nor offer of performance on her part.
But the second count goes only for the first instalment, which by the terms of the agreement, was to be paid absolutely on a certain day, without anything to be done on the part of the plaintiff. To recover that instalment, it was only necessary for the plaintiff to set out so much of the covenant as to entitle herself to the action. This she has done, and though not in the words of the covenant, yet substantially according to the legal import of *379 the agreement. This count being good, judgment must of course be given for the plaintiff, on the demurrer.
Hero the discussion might have terminated ; but the counsel on both sides have desired the opinion, of the court on two questions : First, whether, since the period for making the last payment has elapsed ; a separate action can now be maintained for the first instalment? And secondly, whether in a count, for the whole money or for the last instalment only, it is necessary the plaintiff should aver performance, or an offer to perform on her part?
On this last point, I have no doubt whatever. The covenant so lar as it related to the second payment, was dependent. That payment, was to be made on the 1st day of January, 1834; “at which time that is, “ at the time of which payment,” the plaintiff was to “ deliver a good and sufficient title ” to the defendants. The defendants did not mean to part with all the consideration money, until they got “ a good and sufficient title:” nor did the plaintiff mean to part with her land, until she received the whole of her money. This was plainly and manifestly the intention of the parties. If we adopt the plaintiff’s construction and declare these to be independent covenants, then the defendants, although they have paid nothing : neither the first nor second instalment, may now maintain an action for a breach of covenant against the plaintiff, for not delivering to them, a good and sufficient title on the 1st day of January, 1834 : a consequence I think, no less desirable to her, than it would be unjust. The decision of this court, in Egbert adsm. Chew. 2 Green’s R. 446, and the cases there cited, settle the construction of this contract: unless indeed, as urged by the plaintiff’s counsel, the payments being to be made by instalments, takes the case out of the general rule, and makes each payment an independent duty. But I can discover no reason for such a distinction. In one and the same deed, parties may enter into stipulations, to perform various acts; some absolutely and independent of any condition; and others dependent upon acts to be done by the other party. So in this case, the defendants were willing to pay one half of the purchase money on a certain day, and rely on the good faith and responsibilty of the plaintiff, for an ultimate fulfilment of the contract. Immediately after that day, she had a right to sue them in debt or covenant for that money. But as to the residue, they stipulated, that when *380 they paid it, she should deliver to them a good and sufficient title. In an action therefore for the whole, or for the residue only, she must aver performance; or an offer, or tender of a good and sufficient title, or an excuse for not doing so. This she has not done in the third count, which goes for the whole money; and for this reason, if for no other, that count is bad. A mere readiness to perform, is not sufficient. Glazebrook v. Woodrow, 8 T. R. 366; Goodisson v. Nunn, 4 Id. 761; Kingston v. Preston, cited at large in Jones v. Barkley, Dougl. 689; Thomas v. Cadwallader, Willes' R. 496; and see what was said by Lord Kenyon, in Heard v. Wadham, 1 East. p. 629.
The other question is, whether the plaintiff, having waited until the last day of payment has elapsed, can now, maintain an action for the recovery of thejfrsi instalment only, without setting out the whole agreement, and averring performance or an offer to perform on her part, by delivering, or tendering a good and sufficient title ?
If, as I have supposed, the covenant to pay one half the purchase money on the day named for that purpose, was au absolute and independent covenant, I do not see why the plaintiff may not now maintain an action for that money, without any such averment.
It is true, that in Terry v. Duntze, 2 H. Bl. 389, it was held; because two several sums of money were to be paid, before the time limited for finishing the work, and the residue of the money when the building should be completed, that the covenants were all independent; and that after the day limited for finishing the house, the plaintiff might maintain an action for all the money, without averring performance. Such at least appears to have been the decision, as the case is reported. Under the influence of that decision, the case of Seers v. Fowler, 2 Johns. P. 272, aud that of Havens v. Bush, Id. 387, seem to have been settled. But those cases were entirely overruled by the unanimous opinion of the Supreme Court of New York, in Cunningham et al. v. Morrell, 10 Johns. R. 203. And I fully concur in the remark of Kent, C. J., speaking of the decision in 2 H. Bl. 389, that it was contrary to the plain understanding of the parties, and not warranted by any of the cases referred to. “ The error,” says Chief Justice Kent, in those cases, “consisted in holding the covenants to be independent throughout, because a part of the *381 money was to be paid, before the entire service was performed. “ This ” he says, “ might have been so, if in those cases the contracts had not provided that a part of the consideration was to be paid on the completion of the service; and which,” he adds, “rendered the service, pro tanto, a condition precedent.”
In the case from which I have just quoted, the contract was, that the plaintiff should complete the work on or before a certain day, and receive therefor, a certain sum of money by instalments, as the work progressed; and the court said, if the plaintiff would go for the w7hole money, he was bound to aver and show a performance of the whole work ; but if he went for part of the money, he must show a ratable performance. Thus, if I understand the court, admitting, that though the last day of payment named 'in the contract, had elapsed, the plaintiffs might sue for payments previously due, without averring or proving an entire performance on his part.
The case of Johnson v. Wygent, 11 Wend. R. 49, is supposed to militate against this doctrine. But 1 think upon examination it does not.
The Reporter’s note, would seem to imply, that if the plaintiff waits until all the instalments become due, he must sue, if he sue at all, for all the money, and consequently that he must aver an actual tender Ac. But that was not the point decided. The court say, “ the breach assigned in all the counts, is the nonpayment of the whole consideration money, and not of the first or second instalment. The plaintiff was therefore, bound to declare precisely as though the action had been brought for the last instalment ; or as though the whole purchase money had, by the terms of the covenant, been then payable.” It appears to me, that instead of its being a decision, that in case all the instalments have become due, the plaintiff must sue for all, or none; the language of the court clearly implies, that- the plaintiff might have sued for the first or second instalment; and in such case, need not to have averred performance Ac. This case however, and others there cited by the court, strongly support the conclusion that, the covenant now before us, so far as relates to the last payment, is a dependent covenant; that in such case, an averment that the plaintiff w7as ready and willing, is not sufficient, but he must aver and show an offer or tender, or something *382 equivalent thereto; and consequently, that the third count in this case-is substantially bad, for the want of a sufficient averment in this respect.
I have examined Northrop v. Northrop, 6 Cowen 286; Tompkins v. Elliot, 5 Wend. 496; Wilcox v. Ten Eyck, 5 Johns. R. 78, and other cases cited by the plaintiff’s counsel; but find nothing in them to change the opinions I have expressed on this part of the case.

Judgment for plaintiff.