### SMITH v. SALOMON.

SURVIVOR — *may sue alone upon joint demand.* The right of a survivor to sue without joining with the representative of his deceased co-obligee is not limited to cases of partnership.

ACTION — *causes of that may be joined.* Demands due to a plaintiff in his own right and as survivor of another, may be joined.

DEMURRER *too large.* Whether a demurrer is general or special, if it go to the whole declaration and there be one good count, it must be overruled.

*Error to Probate Court, Arapahoe County.*

Mr. Justice GORSLINE did not participate in the decision of this cause.

Messrs. S. E. BROWNE, ALFRED SAYRE & E. L. SMITH, for plaintiff in error.

Messrs. CHARLES & ELBERT, for defendant in error.

HALLETT, C. J. In three counts of his declaration the plaintiff in error set out causes of action which accrued to himself and Crocker in the life-time of Crocker, and in three other counts he set out causes of action which accrued to himself only. Counsel for defendant in error admit that this was no misjoinder, but say that according to *Jell* v. *Douglas*, 4 B. & Ald. 374, the plaintiff should have shown himself to be the surviving partner of Crocker. The rule that a surviving partner shall declare himself to be such in an action upon a demand due the partnership, appears to be well established, but it is to be observed that the right of a survivor to sue alone without joining the representative of the deceased is not limited to cases of partnership.

" When one or more of several obligees, covenantees, partners, or others, having a joint legal interest in the contract, dies, the action must be brought in the name of the survivor." 1 Chitty's Pl. 19.

If the plaintiff and Crocker, although not partners, were jointly interested in the sum to be recovered, the plaintiff may maintain his action for this and other demands accruing to himself alone. *Vandenheuvel* v. *Storrs*, 3 Conn. 203 ; *Slipper* v. *Stidstone*, 5 Term. R. 493.

Again, the counts upon indebtedness due the plaintiff alone were certainly good, and as the demurrer was to the whole declaration, it should have been overruled for that reason. Whether a demurrer is general or special, if it go to the whole declaration and there be one good count, it must be overruled. 1 Chitty's Pl. 664.

The judgment of the probate court is reversed, and the cause is remanded for further proceedings.

*Reversed.*