(124 So. 870)

## GENERAL MOTORS ACCEPTANCE CORPORATION v. CRUMPTON. (7 Div. 901.)

Supreme Court of Alabama.   Oct. 24, 1929.

Rehearing Denied Dec. 19, 1919.

London, Yancey & Brower and Al. G. Rives, all of Birmingham, and Pruet & Glass, of Ashland, for appellant.

A. L. Crumpton, of Ashland, for appellee.

BROWN, J.   This action is by, the appellee against the appellant to recover the statutory penalty for failing to enter satisfaction, after full payment, and request in writing to do so, of a recorded mortgage or conditional sale contract, and the question to be decided is whether or not the instrument in question is a lien and within the provisions of section 9021, or a mortgage and within the provisions of section 9023.

■■ It is the settled rule of our decisions that these statutes are highly penal and must be strictly construed.   Scales v. Rosenbush Furniture Co., 212 Ala. 19, 101 So. 743; Wilkerson v. Sorsby et al., 201 Ala. 182, 77 So. 708.

■ Appellant's contention is that a conditional sale contract, strictly speaking, is neither a lien nor mortgage within the purview of these statutes, citing in support of this contention Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944, 946, wherein it was observed that "a reservation of title is more than a lien in the holder; it is the title reserved to the seller, and not to vest in the purchasing party to the contract until the purchase price is fully paid.   With such a provision the idea of a security for debt is 'utterly incompatible' "—citing "Haynie v. Robertson, 58 Ala. 37; Dowdell v. Empire Co., 84 Ala. 316, 4 South. 31; Warren v. Liddell, 110 Ala. 232, 20 South. 89.   Such was the holding also in Bishop v. Minderhout, 128 Ala. 162, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134, from which we quote this illustration of the principle: 'When personal property is sold and delivered to a vendee under an agreement that the title thereto is to remain in the vendor until payment of the purchase price, *the loss or destruction of the property while in possession of the vendee,*

*before payment, without his fault, relieves him from the obligation to pay the purchase price thereof, and such loss falls upon the vendor.'"* (Italics supplied.)

It is sufficient to differentiate the contract dealt with in that case, and the contracts involved in the cases cited, from the contract here involved, to observe that they were strictly contracts of sale upon condition that the legal title to the property should not pass out of the vendor, he assuming the risk of loss in case of destruction of the property, and under them the vendor had the option, upon default of payment, to either collect the purchase price or take the property, but could not repossess the property and hold the vendee liable for the balance due on the purchase money. Sanders v. Newton, 140 Ala. 335, 37 So. 340, 1 Ann. Cas. 267.

In the case at bar, as appears from the stipulation of facts, and on the face of the contract attached thereto, the Farrell Motor Company sold and delivered to the plaintiff an automobile, for $892.50, of which sum $282.50 was paid in cash, and the balance secured by a written contract, denominated a "conditional sale contract," which was written on a form furnished by the defendant, "General Motors Acceptance Corporation"; that it was contemplated by the parties that said contract, when executed, together with all of the rights of the seller in the contract, the debt secured thereby, and the property described therein, was to be immediately transferred to defendant, and was so transferred. The contract stipulates that the vendee shall remain liable for the debt in case of loss or destruction, that he shall insure for the benefit of the vendor, and, in the event he fails or refuses to do so, the vendor may insure the property and charge the cost thereof against the vendee and the property. The contract also stipulates that the vendor, or its assigns, in case of default on any of the payments, or at any time it deems itself insecure, may repossess the property and sell the same, with or without notice, at the risk of the vendee, and apply the proceeds of the sale to the payment of the debt, and hold the vendee liable for any deficiency that may remain unpaid, and, in the event the proceeds of the sale are more than sufficient to pay the debt, the surplus shall be paid to the vendee.

In the transfer executed by Farrell Motor Company to defendant, the former guarantees the payment of all deferred installments "and covenants in default of payment of any installment or performance of any requirement thereof by purchaser to pay full amount remaining unpaid to General Motors Acceptance Corporation upon demand."

Taking the contract as a whole, while it provides that "title to said property shall not pass to the purchaser until said amount is fully paid in cash," the reservation is of a special property—as a charge on the property as a security for the balance due on the purchase price—vesting in the vendee the general and beneficial ownership with the right of possession and use until default, and though it be conceded that all the indicia of a mortgage are not present, the contract constitutes a lien within the meaning of section 9021 of the Code. Ex parte State (State v. White Furniture Co.), 206 Ala. 575, 90 So. 896.

While the statute must be strictly construed to ascertain the legislative intent, the courts are bound to take into account the state of the law at the time of its adoption, the evils intended to be remedied, and the then accepted legal significance of the language employed. The words, "recorded lien other than those specified in the preceding section," as used in section 9021, which originated in the present Code, embrace all of the various charges on lands or personalty, created by contract or law, for the security of debts, the recordation of which is authorized by law, not specified in sections 9020, 9023, and 9027 of the Code, which may be satisfied by discharging the demand or debt secured. Mobile Building & Loan Ass'n v. Robertson, 65 Ala. 382; 37 C. J. 306, § 2; Doss v. State, ante, p. 30, 123 So. 231 (paragraph 6 of opinion), and cases there cited.

The ruling and judgment of the circuit court are in accord with these views, and the judgment is affirmed.

Affirmed.

SAYRE, THOMAS, and FOSTER, JJ., concur.