154 So. 610

## ISBELL–HALLMARK FURNITURE CO. v. ROWAN.

### 7 Div. 989.

Court of Appeals of Alabama.
May 8, 1934.

McCord & McCord, of Gadsden, for appellant.

Miller & Miller, of Gadsden, for appellee.

·RICE, Judge.

■ "When personal property is sold and delivered to a vendee under an agreement that title thereto is to remain in the vendor until payment of the purchase price, the loss or destruction of the property while in possession of the vendee, before payment, without his fault, relieves him from the obligation to pay the purchase price thereof, and such loss falls upon the vendor." Bishop v. Minderhout & Nichols, 128 Ala. 162, 29 So. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134. This statement of the law has been approved, recently, in the cases of, Perkins v. Skates et al., 220 Ala. 216, 124 So. 514, and General Motors Acceptance Corp. v. Crumpton, 220 Ala. 297, 124 So. 870, 65 A. L. R. 1313.

■ Here, in a suit on account, by appellant (plaintiff) against appellee (defendant), for the purchase price of certain articles of personal property, the litigated question was as to whether or not appellant had "retained title" to the articles in question, pending the time when such purchase price had been paid in full.

So far as we can see, the question—concerning which the testimony was in conflict—was submitted to the jury fairly. It was a question *for* the jury.

It was conceded that the articles in question had been, without fault of defendant, prior to the trial, destroyed by fire.

■ Appellant complains at the court's refusal to give to the jury its written charge which we have lettered "A," on page 30 of the transcript. But it is enough to say that the substance of said charge was fully covered by its written charge—requested, and given to the jury—which we have lettered "B," on page 31 of said transcript. It was proper therefore, to refuse it. Code 1923, § 9509.

We observe no prejudicially erroneous ruling underlying any other assignment of error referred to by appellant's counsel in their brief—not taking note of any failure to sufficiently insist, etc., upon said assignment. Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432.

The judgment ought to be, and is, affirmed.

Affirmed.