66 So.2d 711

**BERN et al. v. ROSEN.**

**3 Div. 653.**

Supreme Court of Alabama.

June 30, 1953.

White, Bradley, Arant, All & Rose and Jos. H. Johnson, Jr., Birmingham, for petitioner.

294

Bernard Lobman and H. T. Fitzpatrick, Jr., Montgomery, opposed.

Files Crenshaw and Jack Crenshaw, Montgomery, amici curiae, in support of petition.

SIMPSON, Justice.

Certiorari to the Court of Appeals to review an opinion of that court holding the subject instrument (reported with the case) to be a chattel mortgage rather than one of conditional sale. The suit was in detinue by Rosen against Bern. Rosen bases his claim on this unrecorded instrument.

The instrument contained not only the usual conditional sale clause retaining title to the property until the full amount of the debt shall have been paid, but also the customary mortgage clause authorizing the vendor in case of default in the payment of the obligation to repossess the property, resell it and hold the vendee liable for any deficiency in the debt.

The inquiry arose thus: Rosen sold the chattel to one Benjamin, who executed the instrument to Rosen; Benjamin later pawned the property to appellant, Bern, who had no knowledge of the Rosen-Benjamin contract. Benjamin defaulted in both debts, the one to his vendor, Rosen, as well as his pledge to Bern; so the question

has arisen, what recording statute with respect to constructive notice to innocent purchasers governs Rosen's unrecorded contract from Benjamin. Is it § 123, Title 47, Code 1940, which provides that all conveyances of personal property to secure debts are inoperative against innocent purchasers unless recorded, etc., in which case Bern would be protected since he had no actual notice and the contract was not recorded. Or does § 131 of the Title govern, which exempted (in Montgomery County and some others) from recordation "contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property" where the amount is less than $200 (now changed to $500, Acts 1951, No. 292). If this latter section controls the claim of Rosen would prevail, of course.

The Court of Appeals ruled the contract to be in the nature of a chattel mortgage and to be governed by § 123. The case has been ably argued both orally and in written briefs and we are frank to say that had not the question been fairly well foreclosed by previous decisions of this court, it would be a close one in view of well-reasoned decisions elsewhere supporting the contrary view. There seem to be at least two distinct views with varying degrees of rationalization with respect to such instruments, one view supporting the theory that the mortgage clause does not change the essential character of the instrument and the other holding the opposite view to the effect that such clause converts the contract into a retention of title by way of security only. The latter view seems to be the established rule in this jurisdiction.

The Alabama rule is mentioned in 47 Amer.Jur. 37, 38, § 845, where it is stated:

"* * * However, it has been held that a provision for payment of the deficiency renders a transaction a retention of title by way of security only, and not a conditional sale, and this rule is well established in a few jurisdictions which distinguish between a pure conditional sale and a sale with

reservation of title by way of security merely, which is deemed in effect a chattel mortgage. * * *"

The case of General Motors Acceptance Corp. v. ·Crumpton, 220 Ala. 297, 124 So. 870, 871, 65 A.L.R. 1313, is cited to support the text. While a different statute was under consideration in the Crumpton case, the contract was essentially the same, in pertinent respects, as the one here. The theory was approved that the contract rather than being one of conditional sale was one in the nature of a security for the debt "vesting in the vendee the general and beneficial ownership with the right of possession and use until default".

Previous decisions of this court have consistently approved that theory where the mortgage clause was absent in a conditional sale contract, the holding being that the resort to the remedy under the conditional sale feature was a waiver of the right to hold the vendee liable for the deficiency, since the status of the parties with respect to the two theories was inconsistent and could not obtain in the same contract. As was stated in Perkins v. Skates, 220 Ala. 216, 218, 124 So. 514, 515, Judge Bouldin writing for the court:

"The relation of conditional vendor and vendee, and of mortgagee and mortgagor, cannot subsist as to the same property at the same time. The state of the title and the incidents thereto are different. * * * This transaction must be construed as one or the other, not both * * *."

S. F. Bowser & Co. v. Harris, 241 Ala. 113, 1 So.2d 14; Ward v. Jossen, 218 Ala. 530, 119 So. 220.

The Perkins case also took note of the rule that if there be doubt as to whether the instrument evidencing the transaction constitutes a mortgage or a conditional sale, the law favors construing it as a mortgage. See also Cousins v. Crosland, 258 Ala. 590, 63 So.2d 670.

It may be true that parties sui juris may contract within the law (Perkins v. Skates, supra; Campbell Motor Co. v. Spencer, 22 Ala.App. 465, 116 So. 892), but their contracting cannot change the essential judicial construction consistently accorded that type of contract.

Counsel argue for appellee that since the instrument is one "by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property", § 131, the contract should be construed as being governed by § 131 regardless of the other provisions in it. But the quoted phrase is not the full expression of the statute on the subject. As pertinent it provides that *"All * * * contracts for the conditional sale of personal property,* by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property"* etc. (Emphasis supplied.) Therefore, considering the italicised portion in connection with the remainder of the proviso, it is plain the statute deals with conditional sales contracts and no other. The effect theretofore given that term in our various decisions must be accorded it rather than assuming the statute was intended to apply also to the instant contract with its bifurcate features.

The argument is also advanced that the intention of the parties should control; that all of the incidents of the contract, together with the circumstances, show an intention of the parties that the transaction was one of sale and not by way of a loan and that thus § 131 should govern rather than § 123. Some of this argument might be considered pertinent to litigation between the vendor and the vendee, but here we are dealing with a different status —that of an innocent purchaser from the vendee and his rights as governed by constructive notice to be charged to him under the applicable recording statutes. Hence the legal interpretation accorded the contract by the court, as gathered from the four corners of the instrument, must control.

We are at the conclusion that the opinion of the Court of Appeals in the respect considered is correct and the judgment should be affirmed.

We are at variance, however, with that feature of the opinion suggesting that since the instrument contains provisions

shifting the risk of loss from the seller to the buyer that that incident negates any idea of retention of title because of the long prevailing rule that in conditional sales contracts the loss was not shifted to the vendee but fell on the vendor in case of damage or destruction of the chattel. It would seem that this rule no longer obtains in view of § 28, Title 57, Code 1940, which as pertinent reads:

"Risk of loss.—Unless otherwise agreed, the goods remain at the seller's risk until the property therein is transferred to the buyer, but when the property therein is transferred to the buyer the goods are at the buyer's risk whether delivery has been made or not, except that: (a) Where delivery of the goods has been made to the buyer, or to a bailee for the buyer, in pursuance of the contract and the property in the goods has been retained by the seller merely to secure performance by the buyer of his obligations under the contract, the goods are at the buyer's risk from the time of such delivery."

We therefore pretermit further consideration of that phase of the opinion and rest affirmance on the other theory.

Affirmed.

All the Justices concur.