# 462

97 So.2d 543

The WARREN COMPANY, Inc.

v.

C. C. NICHOLSON.

4 Div. 913.

Supreme Court of Alabama.

Oct. 24, 1957.

John C. Walters, Troy, for appellant.

John W. Gibson, Troy, for appellee.

PER CURIAM.

This is an appeal by plaintiff from a judgment rendered by the court without a jury, which denied plaintiff relief on the first count of the complaint, but granted it on the second count. The only assignment of error is that the court erred in denying relief on the first count.

The first count of the complaint is based on a promissory note dated June 15, 1953; the second count is based on a note dated March 11, 1954. The notes represent distinct and different transactions. Each note was for the purchase price of a refrigerator cabinet with attachments. Each transaction was represented by an instrument in writing executed by both parties, which designated itself as a conditional sales contract. The suit was begun December 2, 1955.

There are no cross assignments of error and no brief on file for appellee.

The case was tried on issues set forth in special pleas 4, 5 and 6, and plea A-1, as well as the general issue. Special pleas 4, 5 and 6 in substance assert that each note sued on is for the purchase price of a chattel represented by a conditional sales contract which contained an option for the seller to repossess the property upon default, and that by reason of such repossession the consideration for the note has wholly failed. Plea A-1 sets up payment in full. The evidence taken on the trial related to the question of fact— whether plaintiff repossessed the chattels in question, each respectively.

In rendering judgment for defendant on count 1, the court's finding must have been that plaintiff repossessed the chattels there referred to, and that there was a conditional sales contract whose effect was to discharge the debt upon repossessing the machine. And as to count 2 the court seems to have found that plaintiff did not repossess the chattel there referred to.

A construction of the contract as a conditional sale is not controverted. Appellant does not contend that the contract has the elements of a mortgage on the theory discussed in Bern v. Rosen, 259

Ala. 292, 66 So.2d 711. We shall treat it as appellant has done. It is also without question by appellant that if it repossessed the machine, for which the note was given, it served to cancel personal liability on the note. The only controversy on this appeal relates to the machine for which the note described in count 1 was given.

We do not think it is necessary or appropriate to discuss in detail the evidence which bears upon the question. It is strictly one of fact. The trial was without a jury on evidence taken before the trial judge. His conclusion should be affirmed unless it is contrary to the great weight of the evidence. See annotations to section 260, Title 7, Code. The evidence has been carefully read and considered, and we have reached the conclusion that the judgment of the trial judge is sufficiently supported and should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.